IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSHUA PEACOCK,

      Plaintiff,

vs.                                    No. 2:20-cv-00437-KWR-JFR

LEA COUNTY DETENTION FACILITY,
LEA COUNTY SHERRIFF'S DEPARTMENT,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B), and Fed. R. Civ. P. 12(b)(6) on the Complaint for Violation of Civil Rights filed by Plaintiff, Joshua N. Peacock (Doc. 5). The Court will dismiss Plaintiff Peacock's Complaint for failure to state a claim on which relief can be granted.

### I. Factual and Procedural Background

Plaintiff Joshua N. Peacock is a convicted prisoner in the custody of the State of New Mexico. (Doc. 5 at 4). Peacock commenced this case on May 7, 2020 by filing a "Motion to Re-File Civil Action/Criminal Complaint." (Doc. 1). Plaintiff's filing asked the Court to "transfer" his prior case, CV 19-00942 MV/GBW. (Doc. 1). The Court determined that his filing was deficient and ordered him to submit a complaint in proper form within 30 days. (Doc. 3). In response to the Order to Cure Deficiency, Plaintiff filed his Complaint on May 26, 2020. (Doc. 5).

In his form Complaint, Plaintiff names the Lea County Detention Facility and the Lea County Sheriff's Department as Defendants. (Doc. 5 at 2). He asserts jurisdiction under both 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S.

388 (1971), stating that "Lea County Detention Facility is under Federal jurisdiction." (Doc. 5 at 3).[1] In response to the question of what constitutional or statutory rights he claims are being violated, Peacock indicates "[m]ost if not all." (Doc. 5 at 3).

Plaintiff Peacock states that Defendants acted under color of law in that "Defendants showed & expressed Deliberate Indifference, sexual misconduct, assault, battery, assault & battery, & being spit on by a guard." (Doc. 5 at 4). Peacock's statement of his claim is that "[e]vents occurred the last two times I spent in the custody of Lea County Detention Facility & the Sherriffs custody. Events from Sherriffs Dept. (some) occurred during transports." (Doc. 5 at 4). He claims the events occurred "[i]n the institution of the Lea County Detention Facility. (Doc. 5 at 4). He indicates that "[e]xact events and dates were stated in grievances submitted with RCDC & the Sherriffs Dept that have since completely disappeared & I believe were not even reviewed." (Doc. 5 at 5). For the facts underlying his claim, Peacock states "[c]ameras. And all employees reluctant to provide names." (Doc. 5 at 5).

Peacock's claimed injuries include:

> "Several bumps and bruises they did not want documented & psychological bearings in which I was asked to remove my clothes on more than one occasion for no reason whatsoever."

(Doc. 5 at 5). His prayer for relief asks the Court to:

> "make arrests & amends in the amount of 365 to 465 million United States dollars. Have both of these agencies listed to be managed & fully staffed with unappointed federal agents. The 365 million dollars is a minimum and the 465 amount will most likely be considered sufficient."

---

[1] Although Peacock invokes *Bivens* as a jurisdictional basis, Lea County is a political subdivision of the State of New Mexico, and the Lea County Detention Center and the Lea County Sheriff's Department are agencies of the County and the State of New Mexico. *Bivens* has no application to this case.

(Doc. 5 at 5). Attached to the Complaint is a list of individuals at the Lea County Detention Facility and the Lea County Sheriff's Department, but the list does not identify who the individuals are, what official positions they occupy, what actions they did nor did not take, or how they are connected, in any way, to the claims he asserts in the Complaint. (Doc. 5 at 12).

## II.  The Law Regarding Dismissal for Failure to State a Claim

Plaintiff Peacock is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Id.*

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon*, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a

court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton*, 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

### III. **Peacock's Complaint Fails to State a § 1983 Claim for Relief**

Section 1983 is the exclusive vehicle for vindication of substantive rights under the U.S. Constitution. *See Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by

the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Nor do generalized statements that defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

Peacock's Complaint does not name a single individual official as a defendant. *Fogarty v. Gallegos,* 523 F.3d at 1162. Nor does he allege any individual actions by any official. *Id.* Last, he does not specify how an act by any official resulted in deprivation of a right secured by the United States Constitution. *West v. Atkins*, 487 U.S. at 48. Plaintiff's Complaint completely fails to make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. The Complaint wholly fails to state any § 1983 claim for relief. *Ashcroft v. Iqbal,* 556 U.S.at 676.

Peacock does name the Lea County Detention Center as a Defendant. However, a detention facility is not a person or legally created entity capable of being sued in a § 1983 action. *White v. Utah*, 5 F. App'x. 852, 853 (10th Cir. 2001) (unpublished); *Apodaca v. New Mexico Adult Prob. and Parole*, 998 F.Supp.2d 1160, 1190 (D.N.M. 2014). A detention center is not a suable entity, "because it is not a 'person' under 42 U.S.C. § 1983." *Kristich v. Metropolitan Detention Ctr.*, 2016 WL 5387675 at *2 (D.N.M. 2016); *Gallegos v. Bernalillo Cty. Bd. of Cty. Commissioners*, 272 F. Supp. 3d 1256, 1264–65 (D.N.M. 2017).

The Complaint also identifies the Lea County Sheriff's Department as a Defendant. However, the Lea County Sheriff's Department cannot be held liable absent identification of at least one individual official employee and specification of how that official's actions violated a constitutional right. *Ashcroft v. Iqbal,* 556 U.S. at 676. The Complaint fails to state any claim for relief against the Lea County Detention Facility of the Lea County Sheriff's Department.

## IV. <u>The Court Will Grant Leave to Amend</u>

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d at 901.

The Court will grant Plaintiff Peacock leave to file an amended complaint within 30 days after entry of this Memorandum Opinion and Order. If Plaintiff does not file an amended

complaint within the 30-day time period or files an amended complaint consistent with this Memorandum Opinion and Order, the Court may dismiss the case without further notice.

### 5. Denial of Pending Motion

Also pending before the Court is Plaintiff's Motion for Notice of Claim and Motion to Add Defendants. (Doc. 11). The Court will deny the Motion as moot in light of the Court's dismissal of Plaintiff's Complaint.

**IT IS HEREBY ORDERED THAT:**

**(1)** the Motion for Notice of Claim filed by Plaintiff Joshua N. Peacock (Doc. 11) is **DENIED** as moot;

**(2)** the Complaint for Violation of Civil Rights filed by Plaintiff Joshua N. Peacock (Doc. 5) is **DISMISSED** for failure to state a claim for relief; and

**(3)** Plaintiff Joshua N. Peacock is granted leave to file an amended complaint within 30 days after entry of this Memorandum Opinion and Order.

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**