# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOSHUA PEACOCK,

    Plaintiff,

vs.                                                                            No. 2:20-cv-00437-KWR-JFR

LEA COUNTY DETENTION FACILITY and
LEA COUNTY SHERRIFF'S DEPARTMENT,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION TO REFILE MOTION TO RECUSE JUDGE

**THIS MATTER** is before the Court on the Motion to Refile Motion to Recuse Judge filed March 15, 2021 by Plaintiff Joshua N. Peacock. (Doc. 14). The Court will deny the Motion.

Plaintiff Joshua N. Peacock seeks recusal of the assigned District Judge. (Doc. 14). As grounds for his Motion, Plaintiff Peacock states:

> "it is believed Kea W. Riggs to be ruling maliciously
> with possible ties (effectual & ineffectual) to individuals
> involved in these cases & causes against Joshua Peacock.
> Biased and otherwise etc."

(Doc. 14 at 1). Plaintiff Peacock does not specify any statute or rule as a basis for his Motion. However, motions to disqualify or recuse a judge generally proceed under 28 U.S.C. § 455 or 28 U.S.C. § 144. Section 455(a) states:

> "Any justice, judge, or magistrate judge of the United States
> shall disqualify himself in any proceeding in which his
> impartiality might be reasonably questioned."

The standard for recusal under § 455(a) is one of objective reasonableness. *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 858 n. 7 (1988); *United States v. Cooley,* 1 F.3d 985, 992 (10th Cir.1993). Under § 455(a), both a judge's interest in or relationship to a case and his or her

1

bias or prejudice against persons involved in a case "*all* [must] be evaluated on an *objective* basis, so that what matters is not the reality of bias or prejudice but its appearance. Quite simply and quite universally, recusal [is] required whenever 'impartiality might reasonably be questioned.'" *Liteky v. United States,* 510 U.S. 540, 548 (1994) (emphasis in original) (quoting 28 U.S.C. § 455(a)). Section 455(a) was enacted in 1974 "to promote public confidence in the integrity of the judicial process by replacing the subjective ... standard with an objective test." *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. at 858 n. 7, *quoted in Nichols v. Alley,* 71 F.3d 347, 350 (10th Cir. 1995); *United States v. Cooley,* 1 F.3d at 992.

Under § 455, a judge should recuse if a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. *American Ready Mix v. Behles,* 14 F.3d 1497, 1501 (10th Cir. 1994) (citations omitted) (quoting *Hinman v. Rogers,* 831 F.2d 937, 938–39 (10th Cir. 1987)(per curiam)); *accord Switzer v. Berry,* 198 F.3d 1255, 1257 (10th Cir. 2000); *United States v. Greenspan,* 26 F.3d 1001, 1005 (10th Cir. 1994). Section 455(a) is subject to an "extrajudicial source factor," which means that, at its base, alleged bias or prejudice must stem from an extrajudicial source outside the judicial proceeding at hand and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. *Liteky,* 510 U.S. at 545 & n. 1, 555 (quoting *United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966)).

Under the extrajudicial source factor, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky,* 510 U.S. at 555. Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the case, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Judicial remarks during the course of the proceedings, even if they are critical or disapproving of, or even hostile to, counsel, the parties, or

their cases, ordinarily do not support a bias or partiality challenge. Such remarks may do so only if they reveal an opinion that derives from an extrajudicial source. *Id.* at 555-56. Further, expressions of impatience, dissatisfaction, annoyance, and even anger, do not establish bias or partiality and are within the bounds of what federal judges may sometimes display. A judge's ordinary statements or actions in the administration of courtroom proceedings are immune and do not establish impropriety or impartiality. *Id.*

The reasonableness test is "limited to outward manifestations and reasonable inferences drawn therefrom. In applying the test, the initial inquiry is whether a reasonable factual basis exists for calling the judge's impartiality into question." *Cooley,* 1 F.3d at 993, *cited in Nichols,* 71 F.3d at 351. Thus, "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" are not grounds for disqualification under § 455(a). *Id.* (citing numerous cases). Furthermore, attempts to intimidate a judge do not ordinarily satisfy the requirements of § 455(a). *Id.; accord Greenspan,* 26 F.3d at 1006. Finally, § 455(a) "'must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.'" *Cooley,* 1 F.3d at 993 (quoting *Franks v. Nimmo,* 796 F.2d 1230, 1235 (10th Cir.1986) (further quotation omitted)), *quoted in Switzer,* 198 F.3d at 1258; *Nichols,* 71 F.3d at 351.

Disqualification of a judge for bias or prejudice proceeds under 28 U.S.C. § 144. Section 144 provides:

> "Whenever a party to any proceeding in a district court makes a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, such judge shall proceed no further therein. . ."

Disqualification under 28 U.S.C. § 144 places a substantial burden on the moving party to demonstrate that the judge is not impartial, not a burden on the judge to prove that he is impartial. *United States v. Burger,* 964 F.2d 1065, 1070 (10th Cir. 1992). The affidavit of personal bias and prejudice need be timely and sufficient. 28 U.S.C. § 144. There must be a reasonable factual basis to question the judge's impartiality. *United States v. Cooley,* 1 F.3d at 993. The scope of inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *Id.*

Sections 144 and 455 do not require recusal based only on assumptions about a judge's beliefs that are not substantiated by the facts of record. *See Nichols,* 71 F.3d at 351; *Bryce v. Episcopal Church,* 289 F.3d 648, 659–60 (10th Cir. 2002). *In re McCarthey*, 368 F.3d 1266, 1269–70 (10th Cir. 2004). A movant's factual allegations do not have to be taken as true. Further, under either § 144 or § 455 there is as much obligation for a judge not to recuse when there is no occasion to do so as there is to recuse when there is a reasonable basis to do so. A judge should not recuse based on unsupported, irrational, or highly tenuous speculation and accusations. *American Ready Mix,* 14 F.3d at 1501 (citations omitted) (quoting *Hinman v. Rogers,* 831 F.2d 937, 938–39 (10th Cir. 1987)(per curiam)); *accord Switzer,* 198 F.3d at 1257; *United States v. Greenspan,* 26 F.3d at 1005; *Cooley,* 1 F.3d at 993–94.

Plaintiff Peacock makes very generalized allegations of bias and possible ties to unknown individuals connected to Plaintiff's cases.[1] (Doc. 14 at 1). However, Plaintiff has not filed any § 144 affidavit, or even made specific factual allegations, that would support disqualification or recusal of the Judge in this case. Nor is the Court aware of any facts or circumstances that would

---

[1] Peacock has filed two other proceedings in this Court, No. CV 19-00942 MV/GBW and No. CV 19-00941 WJ/SMV. However, the undersigned Judge is not assigned to and has not participated in either of those cases.

warrant disqualification or recusal.  There is no reasonable factual basis to question the Judge's impartiality. *United States v. Cooley,* 1 F.3d at 993.

Further, the Motion appears to have been filed in response to the Court's March 5, 2021 Memorandum Opinion and Order dismissing Plaintiff's claims with leave to amend (Doc. 8).  The Memorandum Opinion and Order is the only ruling made by the District Judge in this case.  Even though the Court's ruling is adverse to Peacock, it does not reflect any extrajudicial source of bias or prejudice, and the Memorandum Opinion and Order does not present a valid basis for a bias or partiality motion. *Liteky,* 510 U.S. at 555.

Plaintiff Peacock's Motion presents nothing more than accusations, beliefs, and inuendo. *Cooley,* 1 F.3d at 993.  There is nothing factual in the record or the Court's ruling that discloses, or even suggests, any basis for disqualification or recusal of the Judge in this case.  The Judge will not recuse herself based on unsupported, irrational, and highly tenuous speculation and accusations. *American Ready Mix,* 14 F.3d at 1501 (citations omitted) (quoting *Hinman v. Rogers,* 831 F.2d 937, 938–39 (10th Cir. 1987)(per curiam)); *accord Switzer,* 198 F.3d at 1257; *United States v. Greenspan,* 26 F.3d at 1005; *Cooley,* 1 F.3d at 993–94.  The Court denies the Motion to Recuse.

**IT IS ORDERED** that the Motion to ReFile Motion to Recuse Judge filed by Plaintiff, Joshua N. Peacock (Doc. 14) is **DENIED.**

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**