IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSHUA PEACOCK,

    Plaintiff,

vs.                                                                                                                       No. 2:20-cv-00437-KWR-JFR

LEA COUNTY DETENTION FACILITY and
LEA COUNTY SHERRIFF'S DEPARTMENT,

    Defendants.

## MEMORANDUM OPINION AND FINAL ORDER OF DISMISSAL

**THIS MATTER** is before the Court under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B), and Fed. R. Civ. P. 12(b)(6) on the Complaint for Violation of Civil Rights filed by Plaintiff, Joshua N. Peacock (Doc. 5). The Court will dismiss Plaintiff Peacock's Complaint for failure to state a claim on which relief can be granted.

Plaintiff Joshua N. Peacock is a convicted prisoner in the custody of the State of New Mexico. (Doc. 5 at 4). Peacock commenced this case on May 7, 2020 by filing a "Motion to Re-File Civil Action/Criminal Complaint." (Doc. 1). Plaintiff's filing asked the Court to "transfer" his prior case, CV 19-00942 MV/GBW. (Doc. 1). The Court determined that his filing was deficient and ordered him to submit a complaint in proper form within 30 days. (Doc. 3). In response to the Order to Cure Deficiency, Plaintiff filed his Complaint on May 26, 2020. (Doc. 5).

The Court entered its Memorandum Opinion and Order on March 5, 2021, dismissing Plaintiff Peacock's claims for failure to state a claim on which relief can be granted. (Doc. 12). The Court also granted Peacock leave to file an amended complaint within 30 days to remedy the deficiencies in his filing. (Doc. 12 at 6-7). The Memorandum Opinion and Order notified Peacock

1

that, if he did not file an amended complaint, a final order of dismissal could be entered without further notice.   (Doc. 12 at 6-7).

Plaintiff Peacock asserts claims under 42 U.S.C. § 1983.  The Court dismissed Plaintiff Peacock's Complaint on the grounds that it fails to state a § 1983 claim for relief.  (Doc. 12 at 4-6).  To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988); *Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006). Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution.  *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009); *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008).

Plaintiff Peacock's Complaint does not name a single individual official as a defendant. *Fogarty v. Gallegos,* 523 F.3d at 1162.  Nor does he allege any individual actions by any official. *Id.* Last, he does not specify how an act by any official resulted in deprivation of a right secured by the United States Constitution.  *West v. Atkins*, 487 U.S. at 48.  Plaintiff's Complaint completely fails to make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.  The Complaint wholly fails to state any § 1983 claim for relief.  *Ashcroft v. Iqbal,* 556 U.S.at 676.  (Doc. 12 at 4-5).

Peacock does name the Lea County Detention Center as a Defendant.  However, a detention facility is not a person or legally created entity capable of being sued in a § 1983 action.

2

*White v. Utah*, 5 F. App'x. 852, 853 (10th Cir. 2001) (unpublished); *Apodaca v. New Mexico Adult Prob. and Parole*, 998 F.Supp.2d 1160, 1190 (D.N.M. 2014). The Complaint also identifies the Lea County Sheriff's Department as a Defendant. However, the Lea County Sheriff's Department cannot be held liable absent identification of at least one individual official employee and specification of how that official's actions violated a constitutional right. *Ashcroft v. Iqbal,* 556 U.S. at 676. The Complaint fails to state any claim for relief against the Lea County Detention Facility of the Lea County Sheriff's Department. (Doc. 12 at 6).

The Court granted Plaintiff Peacock the opportunity amend his complaint to remedy defects in his pleading. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). Plaintiff did not file an amended complaint within the 30-day time period allowed by the Court. Instead, on March 11, 2021, Plaintiff filed a Motion to Add Charges. (Doc. 13). His Motion to Add Charges states, in its entirety:

> "1. (Against) All Defendants
> 2. Charges of Criminal Malfeasance
> 3. Case No. CV-20-00437-KWR/JFR"

(Doc. 13 at 1). Plaintiff's Motion to Add Charges does not remedy any of the deficiencies in his Complaint, the Motion will be denied, and the Complaint will be dismissed with prejudice for failure to state a § 1983 claim for relief.

**IT IS ORDERED:**

**(1)** the Motion to Add Charges filed by Plaintiff Joshua N. Peacock (Doc. 13) is **DENIED**;

**(2)** the Complaint for Violation of Civil Rights filed by Plaintiff Joshua N. Peacock (Doc. 5) is **DISMISSED WITH PREJUDICE** for failure to state a claim for relief; and

**(3)** Judgment will be entered.


**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**